UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
:
MEDIDATA SOLUTIONS, INC.,                              :    Civil Action No.: 1:15-cv-000907-
                                                       :    ALC
                          Plaintiff,                   :
                                                       :
            vs.                                        :    **ANSWER AND AFFIRMATIVE**
                                                       :    **DEFENSES**
FEDERAL INSURANCE COMPANY,                             :
                                                       :    **JURY TRIAL DEMANDED**
                          Defendant.                   :
                                                       :
---------------------------------------------------------X

Federal Insurance Company ("Federal") answers the complaint filed by Medidata Solutions, Inc. ("Medidata") and asserts the following affirmative defenses.

**PRELIMINARY STATEMENT**

1.      Federal admits that it issued Policy No. 8212-1392 to Medidata (the "Policy"), that Medidata submitted a claim under the Policy and that Federal denied that claim. Federal denies the remaining allegations, including the allegation that Medidata has suffered a loss covered by the Policy or that Federal has unjustifiably refused to provide coverage under the Policy.

2.      Federal admits that Medidata is a named insured under the Policy and that the Policy includes an insuring agreement titled "Computer Fraud Coverage," an insuring agreement titled "Funds Transfer Fraud Coverage," and an insuring agreement titled "Forgery Coverage." Federal denies that this paragraph fully or accurately characterizes the scope of coverage under the Policy, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Policy. Federal denies the remaining allegations in this paragraph.

3. Federal denies that Medidata was the victim of a "wire transfer fraud," or that it received "forged" emails. Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3.

4. Federal denies that Medidata received "forged emails" and denies that the claim involves a "fraudulent wire transfer." Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5. Federal admits that Medidata purchased the Policy, that Medidata paid its premiums, that Medidata submitted an insurance claim, that Medidata gave prompt notice of its claim, that Medidata cooperated with Federal's inquiry into its claim, and that Federal denied Medidata's claim. Federal denies the remaining allegations of paragraph 5.

6. Federal admits that Medidata filed a declaratory judgment action, but denies the remaining allegations in this paragraph.

## THE PARTIES

7. Admitted.

8. Admitted.

## JURISDICTION AND VENUE

9. Admitted.

10. Admitted.

## FACTUAL ALLEGATIONS

11. Federal admits that it issued the Policy to Medidata for the period of June 25, 2014 to June 25, 2015 and that Medidata paid its premiums. Federal denies the remaining allegations, including the allegation that Medidata has suffered a loss covered by the Policy.

12.     Federal admits that the Policy includes an insuring agreement titled "Computer Fraud Coverage," an insuring agreement titled "Funds Transfer Fraud Coverage," and an insuring agreement titled "Forgery Coverage."  Federal denies that this paragraph fully or accurately characterizes the scope of coverage under the Policy, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Policy.  Federal denies the remaining allegations in this paragraph.

13.     Federal admits that claims under Insuring Clauses 4, 5, or 6 are subject to a $5 million limit of liability and a $50,000 retention.  Federal denies that this paragraph fully or accurately characterizes the scope of coverage under the Policy, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Policy.  Federal denies the remaining allegations in this paragraph.

14.     Federal admits that this paragraph quotes a portion of the Policy, but denies that it fully or accurately characterizes the scope of coverage under the Policy, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Policy.  Federal denies the remaining allegations in this paragraph.

15.     Federal admits that this paragraph quotes a portion of the Policy, but denies that it fully or accurately characterizes the scope of coverage under the Policy, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Policy.  Federal denies the remaining allegations in this paragraph.

16.     Federal admits that this paragraph quotes a portion of the Policy, but denies that it fully or accurately characterizes the scope of coverage under the Policy, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Policy.  Federal denies the remaining allegations in this paragraph.

17. Federal admits that this paragraph quotes a portion of the Policy, but denies that it fully or accurately characterizes the scope of coverage under the Policy, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Policy. Federal denies the remaining allegations in this paragraph.

18. Federal admits that this paragraph quotes a portion of the Policy, but denies that it fully or accurately characterizes the scope of coverage under the Policy, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Policy. Federal denies the remaining allegations in this paragraph.

19. Federal admits that this paragraph quotes a portion of the Policy, but denies that it fully or accurately characterizes the scope of coverage under the Policy, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Policy. Federal denies the remaining allegations in this paragraph.

20. Federal admits that this paragraph quotes a portion of the Policy, but denies that it fully or accurately characterizes the scope of coverage under the Policy, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Policy. Federal denies the remaining allegations in this paragraph.

21. Federal admits that this paragraph quotes a portion of the Policy, but denies that it fully or accurately characterizes the scope of coverage under the Policy, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Policy. Federal denies the remaining allegations in this paragraph.

22. Federal admits that this paragraph quotes a portion of the Policy, but denies that it fully or accurately characterizes the scope of coverage under the Policy, and denies any

allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Policy. Federal denies the remaining allegations in this paragraph.

23. Federal admits that this paragraph quotes a portion of the Policy, but denies that it fully or accurately characterizes the scope of coverage under the Policy, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Policy. Federal denies the remaining allegations in this paragraph.

24. Federal admits that this paragraph quotes a portion of the Policy, but denies that it fully or accurately characterizes the scope of coverage under the Policy, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Policy. Federal denies the remaining allegations in this paragraph.

25. Federal admits that this paragraph quotes a portion of the Policy, but denies that it fully or accurately characterizes the scope of coverage under the Policy, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Policy. Federal denies the remaining allegations in this paragraph.

26. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36. Federal admits that on September 25, 2014 it first received notice of the claim that is the subject of this litigation. Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36.

37. Federal admits that it held a telephone conference with Medidata on December 4, 2014 to discuss the claim, but denies that this was its first acknowledgment of Medidata's claim.

38. Denied.

39. Denied.

40. Denied.

41. Admitted.

42. Denied.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

43. Federal realleges and incorporates by reference each and every response contained in paragraphs 1 through 42 of this answer as if fully set forth herein.

44. Admitted.

45. Federal admits that Medidata has paid premiums. Federal admits that on September 25, 2014 Medidata provided notice of its claim. Federal denies the remaining allegations of paragraph 45.

46. Denied.

47. Denied.

48. Federal admits that it has denied Medidata's claim. Federal denies the remaining allegations of paragraph 48.

49. Denied.

### SECOND CAUSE OF ACTION
**(Declaratory Relief)**

50. Federal realleges and incorporates by reference each and every response contained in paragraphs 1 through 49 of this answer as if fully set forth herein.

51. Denied.

52. Denied.

53. Admitted.

54. Denied.

55. Federal admits that this matter is ripe for determination under 28 U.S.C. § 2201. Federal denies that it owes any obligations to Medidata for Medidata's claim under the Policy.

56. Denied.

### AFFIRMATIVE DEFENSES

Federal, without prejudice to its answers and denials to the allegations in the complaint, alleges the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Medidata's claim is, pursuant to Item 3 of the Declarations, subject to a $50,000 retention. Medidata is not entitled to recover unless it can establish that it has sustained a covered loss in excess of this retention.

### SECOND AFFIRMATIVE DEFENSE

Any claim under Insuring Clauses 4, 5, or 6 is, pursuant to Section 25 of the Policy and Item 2 of the Declarations, subject to a maximum limit of liability of $5,000,000. Medidata cannot recover more than $5,000,000 under the Policy.

### THIRD AFFIRMATIVE DEFENSE

Pursuant to Exclusion 12(k) as amended by endorsement, no coverage will be available "under Insuring Clause 2, 3, 4, 5, 6 or 8 for loss due to an **Insured** knowingly having given or surrendered **Money**, **Securities** or **Property** in any exchange or purchase with a **Third Party**; provided that this Exclusion shall not apply to otherwise covered loss of **Property** under Insuring Clause 5." To the extent that Medidata's alleged loss was the result of a knowing surrender of **Money** in an exchange or purchase with a **Third Party**, the claimed loss is not covered.

### FOURTH AFFIRMATIVE DEFENSE

Pursuant to Exclusion 12(n), no coverage will be available for "loss or damage due to … **Forgery**, **Computer Fraud**, **Funds Transfer Fraud**...or other fraudulent, dishonest or criminal act…committed by any authorized representative of an **Insured**, whether acting alone or in collusion with others…" To the extent that Medidata's claimed loss is due to **Forgery**,

**Computer Fraud**, **Funds Transfer Fraud**, or any other fraudulent, dishonest, or criminal act by an authorized representative, Medidata's claim is not covered.

### FIFTH AFFIRMATIVE DEFENSE

Pursuant to Section 30 of the Policy, if Medidata has any "valid and collectible bond, indemnity or insurance" that would cover its alleged loss, in whole or in part, then the coverage section in the Policy "shall be null and void to the extent to the extent of the amount recoverable or received under such bond, indemnity or insurance." To the extent that Medidata has other valid and collectible insurance that may respond to its loss, it may not recover from Federal.

### SIXTH AFFIRMATIVE DEFENSE

Pursuant to Exclusion 12(g), the Policy does not cover "indirect or consequential loss or damage of any kind; provided that this Exclusion 12(g) shall not apply to otherwise covered Investigative Expenses and Computer Violation Expenses under Insuring Clause 10." The alleged transfer that is the source of Medidata's claim was knowingly initiated by Medidata's employee and authorized by two other employees. Medidata's allegations do not demonstrate any entry into Medidata's **Computer System** by an unauthorized person or entity. Any loss it suffered is therefore not a direct loss caused by either **Forgery**, **Computer Fraud**, or **Funds Transfer Fraud**, and Medidata is not entitled to coverage.

### SEVENTH AFFIRMATIVE DEFENSE

Pursuant to Exclusion 12(i), the Policy does not cover "fees, costs or expenses incurred or paid in defending or prosecuting any legal proceeding or claim; provided that this Exclusion 12(i) shall not apply to the coverage provided under Subsection 22 Legal Expenses Extension."

### <u>RESERVATION OF RIGHTS</u>

Federal reserves the right to seek leave of Court to amend its answer or add affirmative defenses that become known to it through discovery and the course of this litigation.

Federal Insurance Company denies that Medidata Solutions, Inc. is entitled to any recovery whatsoever and requests that this Honorable Court dismiss the complaint and enter judgment in favor of Federal Insurance Company.

Dated: March 31, 2015

        Respectfully Submitted,

        GORDON & REES, LLP

        By:
        */s/ Jeffrey Spiegel*
        Jeffrey Spiegel
        GORDON & REES, LLP
        One Battery Park Plaza
        28th Floor
        New York, NY 10004
        (212) 269-5500
        *Attorneys for Federal Insurance Company*