Jeffrey Spiegel
Scott Schmookler
Sara Gronkiewicz-Doran
GORDON & REES, LLP
One North Franklin
Suite 800
Chicago, Illinois 60606
(312) 565-1400
*Attorneys for Federal Insurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

| | |
|---|---|
| MEDIDATA SOLUTIONS, INC., | Civil Action No.: 1:15-cv-00907-ALC-AJP |
| Plaintiff, | |
| vs. | |
| FEDERAL INSURANCE COMPANY, | **FEDERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT** |
| Defendant. | |

Federal Insurance Company ("Federal"), pursuant to Federal Rule of Civil Procedure 56, moves for summary judgment and in support thereof, states as follows:

1. Medidata Solutions, Inc. ("Medidata") alleges that it suffered a loss after three employees were allegedly misled by someone impersonating a Medidata senior executive and then executed an authorized wire transfer. The impostor ***did not*** hack Medidata's computers, implant those computers with a virus, breach any firewalls or otherwise manipulate Medidata's computers. Nonetheless, Medidata seeks coverage under Insuring Clause 4, 5 and 6 of its Executive Protection Portfolio Policy (the "Policy"). New York precedent refutes this claim and demonstrates why Medidata cannot establish a covered loss.

1

2. First, Medidata attempts to trigger Insuring Clause 5 by characterizing the receipt of an email as "computer fraud." Insuring Clause 5, however, requires a "fraudulent entry of **Data** into ... a **Computer System**" or a "fraudulent change to **Data** elements...of a **Computer System**."[1] (Federal's Statement of Undisputed Material Facts ("SMF") ¶ 9, Exh. 1, FIC001343-1344).[2] [3] Those key phrases – fraudulent entry and fraudulent change – distinguish between an unauthorized hacking of the insured's computers and the receipt of fraudulent information. There is no debate on that issue, as the New York courts have thrice reached that conclusion. *Universal Am. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 959 N.Y.S.2d 849, 864 (Sup. Ct. N.Y. Cty. 2013), *aff'd*, 110 A.D.3d 434 (1st Dep't 2013), *aff'd*, 2015 WL 3885816, at *5 (N.Y. June 25, 2015). The holding in *Universal*– that the phrases "fraudulent entry" and "fraudulent change" denote a hacking – precludes coverage because Medidata never alleges a hacking; it relies entirely upon receipt of an email into an open email account. (Dkt. 1, ¶ 32-33).

3. Second, Medidata attempts to trigger Insuring Clause 4 by characterizing a typed name in an email as a "forgery." This theory ignores the reality that Medidata's employees do not recall seeing the name at the conclusion of the email (because the email was truncated)[4] and the typed name is not a distinctive signature. Those facts preclude coverage because (1) **Forgery** requires the imitation of a signature (not a typed name), *Parma Tile v. Estate of Fred*, 663

---

[1] Terms appearing in bold are defined terms that appear in bold in the Policy, and are bolded herein for consistency and ease of reference.

[2] All referenced exhibits are attached to the Parties' Joint Exhibit Stipulation.

[3] Insuring Clause 5 limits coverage to "direct loss... sustained by an **Organization** resulting from **Computer Fraud** committed by a **Third Party**." (SMF ¶ 7, Exh. 1, FIC001342). The term **Computer Fraud** means the "unlawful taking or the fraudulently induced transfer of **Money, Securities** or **Property** resulting from a **Computer Violation**." (SMF ¶ 8, Exh. 1, FIC001343). In pertinent part, a **Computer Violation** requires "fraudulent . . . entry of **Data** into or deletion of **Data** from a **Computer System**" or "fraudulent change of **Data** elements or program logic of a **Computer System**." (SMF ¶ 9, Exh. 1, FIC001343-FIC001344)

[4] (SMF ¶ 26, Exh. 20, 27:03-10, 28:06-09; SMF ¶ 39, Exh. 21, 38:04-16; SMF ¶ 40, Exh. 19, 42:16-22).

N.E.2d 633, 635 (N.Y. 1996); (2) the Policy only covers **Forgery** of a **Financial Instrument** (which does not include emails), *CustomMade v. Sentinel Ins. Co.*, 2012 WL 4321060, at *5 (D. Mass. Sept. 17, 2012); and (3) the truncation of the emails precludes causation, *Small v. Lorillard Tobacco*, 252 A.D.2d 1, 10 (N.Y. App. Div. 1998).

4.   Third, Medidata attempts to trigger Insuring Clause 6 on the theory that a wire transfer effected by its authorized signatories is **Funds Transfer Fraud**. That defined term, however, requires proof that someone impersonating the insured instructed the bank to transfer funds, and does not apply to transfers voluntarily effected by Medidata. *Cumberland Packing v. Chubb Ins.*, 958 N.Y.S.2d 306 (N.Y. Sup. Ct. 2010). As in *Cumberland*, Medidata's employees manually entered and approved the claimed wire transfer (Dkt. 1, ¶ 32-33) and thus, it cannot trigger coverage under Insuring Clause 6. *Id.*

5.   Medidata cannot prove it is entitled to coverage under the Policy and Federal is entitled to summary judgment in its favor.

6.   Federal is filing herewith a Memorandum of Law and Statement of Undisputed Material Facts, which are incorporated herein by reference.

**WHEREFORE**, Federal respectfully requests that this Court enter summary judgment in its favor and for any other relief that the Court deems just and proper.

Respectfully Submitted,

_____
Jeffrey Spiegel
Scott Schmookler
Sara Gronkiewicz-Doran
GORDON & REES LLP
1 North Franklin
Suite 800
Chicago, Illinois 60606
(312) 565-1400
jspiegel@gordonrees.com

sschmookler@gordonrees.com  
sgronkiewicz-doran@gordonrees.com  
*Attorneys for Defendant*  
*Federal Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 13, 2015, the foregoing Motion for Summary Judgment was served on all counsel of record via the Court's ECF system.

                        Jeffrey Spiegel
                        Scott Schmookler
                        Sara Gronkiewicz-Doran
                        GORDON & REES LLP
                        1 North Franklin
                        Suite 800
                        Chicago, Illinois 60606
                        (312) 565-1400
                        jspiegel@gordonrees.com
                        sschmookler@gordonrees.com
                        sgronkiewicz-doran@gordonrees.com
                        *Attorneys for Defendant*
                        *Federal Insurance Company*