**File Note Title:** Genl Cor - POL letter
**Create Date:** 10/2/2014 6:08 PM
**Author:** MIKE MAILLET
**File Note Text:**

File Note Created By: Mike Maillet
Date File Note Created: 10/02/2014 6:08:37 PM
Date Email Sent: 10/02/2014 5:37:34 PM
Email Sent From: CN=Michael Maillet/O=ChubbMail
Email Sent To: Michael Otner <motner@mdsol.com>
Email Copied To: James Gaudette <jgaudette@wgains.com>
Subject: Medidata Solutions, Inc.-Crime Loss

Dear Mr. Otner:

Please see the attached copy of correspondence with reference to the above matter.

Michael Maillet
Senior Claim Examiner
Chubb & Son, a division of Federal Insurance Company
Specialty Claim Service Center, 82 Hopmeadow Street, Simsbury, CT 06070-7683
Phone: (212) 612-2484 | Fax: (855) 842-1349 | mmaillet@chubb.com

00000339763



**CHUBB GROUP OF INSURANCE COMPANIES**
Specialty Claim Service Center
82 Hopmeadow Street
Simsbury, CT 06070-7683
Phone: (212) 612-4000

*Direct Dial (212) 612-2484*

October 2, 2014

*Via email and first-class mail*
Michael Otner, Esq.
General Counsel
Medidata Solutions, Inc.
350 Hudson Street
9th Floor
New York, NY 10014

Re:  Company:  Federal Insurance Company
     Insured:   Medidata Solutions, Inc.
     Policy No.: 8212-1392
     Claim No.:  339763
     Matter:     Medidata Solutions, Inc.-Crime Loss

Dear Mr. Otner:

This is a follow up to our telephone conference of September 29, 2014, in which we discussed the above-referenced claim noticed to us by a September 26, 2014 email from William Gallagher Associates. We understand that this matter is being noticed on behalf of Medidata Solutions, Inc. ("Metidata") under the Crime Coverage Section of the Executive Protection Portfolio Policy (the "Policy"). The Crime Coverage Section of the Policy provides coverage under a number of different insuring clauses most of which are subject to a $5,000,000 limit of liability and a $50,000 Retention.

We understand that this matter involves a wire transfer of $4,827,200 by Medidata to a bank account in Shanghai, on or about September 18, 2014. The wire transfer was initiated by a Medidata employee and was authorized by two other Medidata employees. These employees acted upon a series of fraudulent emails purporting to be from the ▮▮▮▮ of Medidata, ▮▮▮▮, and a purported attorney, Michael Meyer. The emails in the name of ▮▮▮▮ were sent from an email address that appears to be identical to his actual email address, ▮▮▮▮. The emails from Michael Meyer were sent from mmeyer@consultant.com.

In our call, you advised that Medidata's systems were not penetrated and that the emails were spoofs, even though the emails purporting to be from ▮▮▮▮ used an address identical to his actual email address. You indicated that some of the email header details indicate that the emails came from an outside IP address and the replies to the emails also went to an outside IP address. I do not believe this information is visible on the email copies forwarded to us and I have requested that you provide copies showing these details.

FIC000713

00000339763

A claim on the Crime Coverage Section of the Policy is made by filing an affirmative proof of loss with full particulars within six months following the date of discovery of loss. We do not use a form proof of loss, but request that we be provided with a written narrative outlining the specific details of the loss, supported with copies of any documents supporting the claim and providing insight as to how the fraud occurred. We have the summary provided in the notice and copies of the emails. In addition to these, we would request the following information and documentation:

1) The documentation showing the wire transfer authorization provided to Medidata's bank and any documentation of the wire itself;

2) Any correspondence with Medidata's bank and the FBI, or other documents concerning any attempts to recover the transferred funds;

3) Copies of email headers showing that the emails and replies involved third-party IP addresses;

4) Any information in your possession that would explain the methodology for attaching emails to third-party IP addresses, as discussed during our call;

5) Any reports by Fulbright & Jaworski, forensic accountants and/or computer forensic experts with respect to the investigation of this matter;

6) The retainer agreement and information pertaining to the rates, scope of work and budget for Fulbright & Jaworski and any forensic accountants and/or computer forensic experts retained to work on this matter.

The information requested in item (6) above is necessary in the event Medidata intends to seek recovery of any Investigative Expenses. Insuring Clause 10 of the Crime Coverage Section of the Policy provides coverage as follows for Investigative Expenses, with a limit of $250,000:

> **Investigative Expenses** resulting from any loss covered under Insuring Clauses 1 through 9 incurred by an **Organization**, but only if such covered loss under Insuring Clauses 1 through 9 is in excess of the Retention applicable to such covered loss.

The term Investigative Expenses is defined as follows:

> **Investigative Expenses** means reasonable expenses, other than an **Organization's** internal corporate costs (such as **Salary**), incurred by an **Organization**, with the Company's prior written consent, to establish the existence and amount of a covered loss. **Investigative Expenses** shall not include expenses incurred by any **Client**.

Coverage for Investigative Expense is part of and not in addition to the $5,000,000 Limit of Liability under Insuring Clauses 1 through 9, and it only comes into play if a covered loss above

000000339763

the retention is established under one of these Insuring Clauses. As set forth above, the definition of Investigative Expenses requires our prior written approval.

Thank you for your courtesy and cooperation and if you have any questions or concerns with respect to any of the above please let us know. Pending our receipt and review of the proof of loss, Federal Insurance Company reserves any and all rights under the Policy and at law.

          Very truly yours

          Chubb & Son
          A division of Federal Insurance Company
          Manager

          Michael A. Maillet, Esq.
          New York Specialty Claims

cc.: *via email*
James W. Gaudette, Esq.
Vice President & Executive Risk Claims Counsel
William Gallagher Associates
470 Atlantic Avenue
Boston, MA 02210