Robin L. Cohen (rcohen@kasowitz.com)
Adam S. Ziffer (aziffer@kasowitz.com)
KASOWITZ, BENSON, TORRES &
   FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
*Attorneys for Plaintiff Medidata Solutions,*
   *Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MEDIDATA SOLUTIONS, INC.<br><br>                    Plaintiff,<br>v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>                    Defendant. | Civil Action No.: 1:15-cv-00907-ALC |

**PLAINTIFF MEDIDATA SOLUTIONS, INC.'S OBJECTIONS AND RESPONSES TO**
**FEDERAL INSURANCE COMPANY'S FIRST REQUESTS FOR ADMISSION**

Plaintiff Medidata Solutions, Inc. ("Medidata"), by its attorneys Kasowitz, Benson, Torres & Friedman LLP, hereby objects and responds (the "Responses") to Federal Insurance Company's ("Federal") First Requests for Admission, dated April 21, 2015 (the "Requests"), as follows:

**PRELIMINARY STATEMENT**

1.    Discovery in this matter is proceeding.  Medidata has not yet completed its investigation of the facts, witnesses, or documents, or analysis of available information.  The following Responses are therefore based on information and documentation as reasonably

available and presently known to Medidata. The following Responses are made without prejudice to Medidata's right to provide subsequently discovered information, the relevance of and/or applicability of which has not yet been ascertained. Medidata reserves the right to supplement, amend, or clarify these Responses if different or additional information is discovered or subsequently becomes available through discovery or otherwise.

2. Medidata expressly reserves, and its Responses to the Requests herein shall not constitute waiver of, its rights to (i) object at any point and on any ground to the use of the information provided, (ii) object on any ground to other discovery requests that involve or relate to the subject matter of the Requests, and/or (iii) provide, at any time, subsequently discovered information or information omitted from these Responses as a result of mistake, error, oversight, or inadvertence.

3. Except for the facts explicitly stated herein, no incidental or implied admissions are intended by Medidata's Responses. The fact that Medidata has provided information in response to part or all of the Requests is not intended to be, and shall not be construed as, a waiver by Medidata of any objection Medidata may interpose.

4. By responding to the Requests, Medidata does not admit Federal's characterization of any documents, facts, theories, or conclusions.

5. Capitalized terms not otherwise defined herein have the meaning set forth in the Requests.

6. Medidata is under no obligation to respond to the Requests to the extent they impose obligations upon Medidata that are inconsistent with, differ from, or exceed those imposed or authorized by the Federal Rules of Civil Procedure and any other applicable rules or law.

7. Information provided by Medidata in response to the Requests is subject to this Preliminary Statement. These limitations form a part of each Response as if fully written therein, and are set forth here to avoid the duplication and repetition of restating them for each Response.

### GENERAL OBJECTIONS

All of the following General Objections are incorporated into each Response set forth below, as if fully set forth in each such Response.

1. Medidata objects to the Requests to the extent that they seek disclosure of confidential business or commercially sensitive information.

2. Medidata objects to the Requests to the extent that they seek information or documents that constitute, reflect, or refer in any way to information that is confidential or proprietary to third parties and/or invade any third party's rights under federal or state law. Medidata will not produce or provide any third-party information or documents that are otherwise subject to a confidentiality order in any other action or proceeding, or that have been designated confidential pursuant to an agreement between Medidata and any third party, without permission or court order, or as otherwise provided in that confidentiality order or agreement between Medidata and any third parties.

3. Medidata objects to the Requests to the extent that they purport to request information that was prepared in anticipation of or in connection with litigation, constitutes work product, constitutes or contains attorney-client communications, or is otherwise privileged or protected from disclosure under applicable laws or rules. Any disclosure of privileged or protected information or documents in response to the Requests is inadvertent and shall not be deemed a waiver of any applicable privileges or protections. Further, Medidata reserves its

rights to notify Federal if privileged information is inadvertently produced in response to the Requests, and for that information to be returned and all copies destroyed.

4. Medidata objects to the Requests because they request information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant evidence based on the applicable case law and, therefore, are improper as a matter of law.

5. Medidata objects to the Requests to the extent that they are vague, ambiguous, or not reasonably capable of interpretation. In particular, Medidata generally objects to the Requests to the extent that they use or contain terms or phrases that are not defined in the Requests and are therefore vague, ambiguous, or not reasonably capable of interpretation.

6. Medidata objects to the Requests to the extent that they are overbroad, unduly burdensome, and not made in good faith, but rather are designed to vex, harass, and unnecessarily increase the legal proceedings and the costs thereof to Medidata's detriment.

7. Medidata objects to the Requests to the extent they assume the existence of facts not in evidence and/or improperly call for legal conclusions.

8. Medidata objects to the Requests to the extent that they seek information that: (a) is already in Federal's possession, custody, or control; or (b) is publicly available (including, but not limited to, court papers and public filings published or available via the internet), is not currently in Medidata's possession, and that Federal may obtain as easily as Medidata.

9. Medidata objects to the Requests to the extent that they are inconsistent with or purport to impose requirements that exceed those set forth in the Federal Rules of Civil Procedure or any other applicable rules or law.

## OBJECTIONS AND RESPONSES TO THE REQUESTS

**REQUEST NO. 1:**   On September 16, 2014, ▮▮▮▮ was authorized to release wire transfers on behalf of Medidata.

**RESPONSE:**  Subject to the foregoing Preliminary Statement and General Objections, Medidata objects to this Request on the grounds that it requests information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant evidence based on the applicable case law.  Further, Medidata objects to this Request on the grounds that it is vague, ambiguous, or not reasonably capable of interpretation.

   Subject to the foregoing objections, Medidata states that ▮▮▮▮ was one of the Medidata employees able to authorize wire transfers of $4,770,226.00, that two such employees were required to authorize wire transfers in that amount, and otherwise denies this Request.

**REQUEST NO. 2:**   On September 16, 2014, ▮▮▮▮ was authorized to approve wire transfers on behalf of Medidata.

**RESPONSE:**  Subject to the foregoing Preliminary Statement and General Objections, Medidata objects to this Request on the grounds that it requests information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant evidence based on the applicable case law.  Further, Medidata objects to this Request on the grounds that it is vague, ambiguous, or not reasonably capable of interpretation.

   Subject to the foregoing objections, Medidata states that ▮▮▮▮ was one of the Medidata employees able to authorize wire transfers of $4,770,226.00, that two such employees were required to authorize wire transfers in that amount, and otherwise denies this Request.

**REQUEST NO. 3:**   On September 16, 2014, ▮▮▮▮▮ was authorized to initiate wire transfers on behalf of Medidata.

**RESPONSE:**  Subject to the foregoing Preliminary Statement and General Objections, Medidata objects to this Request on the grounds that it requests information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant evidence based on the applicable case law.  Further, Medidata objects to this Request on the grounds that it is vague, ambiguous, or not reasonably capable of interpretation.

Subject to the foregoing objections, Medidata states that it was within the scope of ▮▮▮▮▮ responsibilities at Medidata to prepare wire transfers of $4,770,226.00, which remained subject to authorization by at least two Medidata employees able to authorize wire transfers in that amount, and otherwise denies this Request.

**REQUEST NO. 4:**   Exhibit A hereto is a true and correct copy of an email received by Medidata at 11:12 am on September 16, 2014.

**RESPONSE:**  Subject to the foregoing Preliminary Statement and General Objections, Medidata objects to this Request on the grounds that the phrase "received by Medidata" is vague, ambiguous, or not reasonably capable of interpretation.

Subject to the foregoing objections, Medidata denies this Request and states only that Exhibit A accurately reflects the text of an email received by ▮▮▮▮▮ at the email address ▮▮▮▮▮ at 11:12 am on September 16, 2014.  Medidata states that Exhibit 1 attached to these Responses, bates stamped MED_0000816, is a true and correct color copy of the email received by ▮▮▮▮▮ at 11:12 am on September 16, 2014, as it shows both the text and images added to the email by the Medidata computer system.

**REQUEST NO. 5:**   Exhibit A does not contain any instruction or direction to transfer funds from Medidata's accounts.

**RESPONSE:**  Subject to the foregoing Preliminary Statement and General Objections, Medidata objects to this Request on the grounds that it attempts to characterize the document and improperly calls for legal conclusions.  Medidata states that the document speaks for itself.  To the extent a response is required, Medidata denies this Request.

**REQUEST NO. 6:**   Exhibit A does not authorize the transfer of funds from Medidata's accounts.

**RESPONSE:**  Subject to the foregoing Preliminary Statement and General Objections, Medidata objects to this Request on the grounds that it attempts to characterize the document and improperly calls for a legal conclusion.  Medidata states that the document speaks for itself.  To the extent a response is required, Medidata denies this Request.

**REQUEST NO. 7:**   Exhibit B is a true and correct copy of an email received by Medidata at 3:32 pm on September 16, 2014.

**RESPONSE:**  Subject to the foregoing Preliminary Statement and General Objections, Medidata objects to this Request on the grounds that the phrase "received by Medidata" is vague, ambiguous, or not reasonably capable of interpretation.

Subject to the foregoing objections, Medidata denies this Request and states only that Exhibit B accurately reflects the text of an email received by ▓▓▓▓▓▓ at the email address ▓▓▓▓▓▓▓▓▓▓▓▓ and carbon copied to ▓▓▓▓▓▓▓▓ at the email address ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ at 3:32 pm on September 16, 2014.  Medidata states that Exhibit 2

attached to these Responses, bates stamped MED_0001025, is a true and correct color copy of the email received by ▇▇ and carbon copied to ▇▇ at 3:32 pm on September 16, 2014, as it shows both the text and images added to the email by the Medidata computer system.

**REQUEST NO. 8:**   Exhibit C is a true and correct copy of an email received by Medidata at 3:52 pm on September 16, 2014.

**RESPONSE:**  Subject to the foregoing Preliminary Statement and General Objections, Medidata objects to this Request on the grounds that the phrase "received by Medidata" is vague, ambiguous, or not reasonably capable of interpretation.

Subject to the foregoing objections, Medidata denies this Request and states only that Exhibit C accurately reflects the text of an email received by ▇▇ at the email address ▇▇ at 3:52 pm on September 16, 2014.  Medidata states that Exhibit 3 attached to these Responses, bates stamped MED_0001045 , is a true and correct color copy of the email received by ▇▇ at 3:52 pm on September 16, 2014, as it shows both the text and images added to the email by the Medidata computer system.

**REQUEST NO. 9:**   Exhibit D is a true and correct copy of an email received by Medidata at 12:58 pm on September 16, 2014.

**RESPONSE:**  Subject to the foregoing Preliminary Statement and General Objections, Medidata objects to this Request on the grounds that the phrase "received by Medidata" is vague, ambiguous, or not reasonably capable of interpretation.

Subject to the foregoing objections, Medidata denies this Request and states only that Exhibit D accurately reflects the text of an email received by ▇▇ at the email address ▇▇ at 12:58 pm on September 16, 2014.

8

**REQUEST NO. 10:**  At 4:03 pm on September 16, 2014, ▮▮▮▮▮ voluntarily initiated a wire transfer in the amount of $4,770,226.00 from Medidata's bank account at JP Morgan Chase.

**RESPONSE:**  Subject to the foregoing Preliminary Statement and General Objections, Medidata objects to this Request on the grounds that the phrase "voluntarily initiated" is vague, ambiguous, or not reasonably capable of interpretation.

Subject to the foregoing objections, Medidata admits that ▮▮▮▮▮ prepared a wire transfer in the amount of $4,770,226.00 from Medidata's bank account at JP Morgan Chase, and otherwise denies this Request.

**REQUEST NO. 11:**  At 4:33 pm on September 16, 2014, ▮▮▮▮▮ voluntarily approved a wire transfer in the amount of $4,770,226.00 from Medidata's bank account at JP Morgan Chase.

**RESPONSE:**  Subject to the foregoing Preliminary Statement and General Objections, Medidata objects to this Request on the grounds that the phrase "voluntarily approved" is vague, ambiguous, or not reasonably capable of interpretation.

Subject to the foregoing objections, Medidata admits that ▮▮▮▮▮ and ▮▮▮▮▮ authorized a wire transfer in the amount of $4,770,226.00 from Medidata's bank account at JP Morgan Chase, and otherwise denies this Request.

**REQUEST NO. 12:**  At 4:35 pm on September 16, 2014, ▮▮▮▮▮ voluntarily released a wire transfer in the amount of $4,770,226.00 from Medidata's bank account at JP Morgan Chase.

**RESPONSE:**  Subject to the foregoing Preliminary Statement and General Objections, Medidata objects to this Request on the grounds that the phrase "voluntarily approved" is vague, ambiguous, or not reasonably capable of interpretation.

Subject to the foregoing objections, Medidata admits that ▇▇▇▇▇▇▇ and ▇▇▇▇▇▇ authorized a wire transfer in the amount of $4,770,226.00 from Medidata's bank account at JP Morgan Chase, and otherwise denies this Request.

**REQUEST NO. 13:** The perpetrators of the alleged fraud qualify as a "**Third Party**", as defined in Executive Protection Portfolio Policy 8212-1392.

**RESPONSE:** Subject to the foregoing Preliminary Statement and General Objections, Medidata objects to this Request on the ground that it improperly calls for a legal conclusion.

Subject to the foregoing Preliminary Statement and General Objections, Medidata admits that the perpetrators of the fraud were not Medidata employees or natural persons acting in collusion with any Medidata employees and thus satisfy the Policy definition of "**Third Party**".

Dated: New York, New York  
May 29, 2015

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By: /s/ Adam S. Ziffer  
Robin L. Cohen (rcohen@kasowitz.com)  
Adam S. Ziffer (aziffer@kasowitz.com)

1633 Broadway  
New York, New York 10019  
Tel: (212) 506-1700  
Fax: (212) 506-1800

*Attorneys for Plaintiff Medidata Solutions, Inc.*

# EXHIBIT 1

to [REDACTED] mmeyer

Sep 16 (9 days ago)

In regards to an Acquisition that we are currently undergoing, Attorney Michael Meyer (mmeyer@consultant.com) is going to be contacting you. If you can please devote your full attention to his demand to acquire some accounting information so that we can finalize this deal.

I must bring up the fact that the operation is regulated by the Financial Market Authority which mean that you need to keep this matter extremely confidential as you are the only one currently aware of the situation.

You will need to keep complete silence and work exclusively with Michael.

Any questions you may have must be addressed directly with him.

We are going public with the acquisition on the 25th of September. I will personally meet with you and Michael a couple of days prior and expect to be fully updated on your progress.

Thank you for treati ng this with your utmost attention.

Best Regards,

CONFIDENTIAL

MED_0000816

# EXHIBIT 2



Sep 16

I'm currently undergoing a financial operation in which I need you to process and approve a payment on my behalf.

I already spoke with ▮ she will file the wire and I would need you two to sign off.

Please do not address this matter untill I make it a public announcement.

Thank you

Best Regards.

CONFIDENTIAL

MED_0001025

# EXHIBIT 3



MED_0001045

CONFIDENTIAL